UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY DARRELL HARRIS,

        Plaintiff,                          FILE NO. 1:06-CV-827

v.                                            HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

**ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION**

        This is a civil rights action by a former prisoner filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the action for failure to state a claim (docket #4). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #5).

        This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

        In his complaint, Plaintiff alleges a "laundry list" of purported constitutional violations by 135 Defendants during the period of Plaintiff's incarceration within the Michigan Department of Corrections between late 1996 and June 2006. The alleged incidents range

from torture to deprivation of property to poisoning to denial of medical care.  The complaint contains no specifics about any of the 42 types of harm alleged or about which Defendants were responsible for committing each violation.

The Magistrate Judge concluded that incidents occurring more than three years before the complaint was filed were time-barred.  The Magistrate Judge further concluded that the complaint was entirely conclusory and failed to meet basic pleading requirements for civil rights actions.  He therefore recommended dismissal of the complaint.

In his objections, Plaintiff makes additional general allegations about the meritorious nature of his claims.  He argues that, if given the opportunity, he could prove that all of the Defendants committed all of the constitutional violations listed in the complaint.

As the Magistrate Judge observed, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  While Plaintiff broadly asserts that he can prove constitutional violations, the Magistrate Judge correctly reasoned that Plaintiff had failed to allege those violations with the specificity required by federal law.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.  Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #5) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Date:   January 10, 2007             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE